IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS FLOWERS, and RICHARD ELLIN, individually and on behalf of all others similarly situated, | : : : : : | Civil Action File No. |
| | : | Jury Trial Demanded |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| ALL GEORGIA TOWING, LLC and KENNETH NEIL, | : : | |
| | : | |
| Defendants. | : | |

---

## COMPLAINT

---

Plaintiffs Dennis Flowers ("Flowers"), and Richard Ellin ("Richard Ellin") (collectively "Plaintiffs") individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, brings this Complaint against Defendants All Georgia Towing, LLC  ("All Georgia") and Kenneth Neil ("Neil") (collectively "Defendants") and shows the Court as follows:

## 1.  INTRODUCTION

1.

This is a Collective FLSA overtime case.

2.

In addition to his federal causes of action, Flowers asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit, and (3) promissory estoppel.

3.

Defendants employed Plaintiffs and others similarly situated as tow truck drivers. Defendants failed to pay them at one-and-one-half times their regular rates for work they performed in excess of 40 hours per week.

4.

Plaintiffs ask this Court to certify a collective of similarly situated individuals, to wit, all drivers who have worked for All Georgia, within three years prior to the filing of this Complaint (i.e. "the Relevant Time Period") and who consent in writing to their inclusion in a collective action.

5.

Flowers' Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "A".

6.

Richard Ellin's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "B".

7.

Plaintiffs request collective relief because all other All Georgia tow truck drivers were treated in a similar manner with respect to their compensation.

## 2.   JURISDICTION AND VENUE

8.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

9.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because All Georgia's principal place of business is located in this judicial district, and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3.   THE PARTIES

10.

Flowers resides in Forsyth County, Georgia.

11.

Richard Ellin resides in White County, Georgia.

12.

During the Relevant Time Period, (i.e., the three years immediately preceding the initiation of this action) Defendants jointly operated a tow truck service from their principal place of business located at 4070 Nine McFarland Drive, Alpharetta, Georgia 30004.

13.

All Georgia is a domestic limited liability company organized under the laws of the State of Georgia.

14.

All Georgia can be served via its registered agent Betty Falkow at 1595 Redi Road, Suite 300, Cumming, Georgia 30040.

15.

All Georgia is subject to the personal jurisdiction of this Court.

16.

Neil is a resident of Greene County, Georgia.

17.

Neil is subject to the personal jurisdiction of this Court.

18.

Neil is the owner of All Georgia.

19.

Neil is the managing member of All Georgia.

20.

Neil can be served with process at his residence located at 2540 Chattahoochee Lane, Cumming, Georgia 30041 or wherever he can be found.

## 4. INDIVIDUAL COVERAGE:

21.

During the Relevant Time Period, Plaintiffs were "engaged in commerce" as an employee of All Georgia as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

22.

During the Relevant Time Period, Plaintiffs regularly operated tow trucks owned by Defendants for the purpose of providing towing services for the operators and owners of disabled or abandoned vehicles who were members of the American Automobile Association ("AAA") on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

## 5. ENTERPRISE COVERAGE:

23.

At all times during the Relevant Time Period, two of more employees of All Georgia handled the following materials that have moved in interstate commerce for the commercial purpose of the company: Vehicles, gasoline, automobile oil, uniforms, credit card machines, computers, and cellular phones.

24.

At all times during the Relevant Time Period, All Georgia has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

25.

During 2013, All Georgia had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

26.

During 2014, All Georgia had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

27.

During 2015, All Georgia had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2016, All Georgia had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

During 2013, All Georgia had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2014, All Georgia had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

31.

During 2015, All Georgia had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

32.

During 2016, All Georgia had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

33.

At all times during the Relevant Time Period, All Georgia's tow truck drivers operated tow trucks and related equipment that were manufactured outside of the State of Georgia.

34.

At all times during the Relevant Time Period, All Georgia's tow truck drivers towed vehicles that had been manufactured outside of the State of Georgia.

35.

At all times material hereto, All Georgia had two or more employees who regularly provided towing services for disabled or abandoned vehicles on Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

36.

During 2013, All Georgia had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

During 2014, All Georgia had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.

During 2015, All Georgia had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

39.

During 2016, All Georgia is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the

retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

40.

At all times during the Relevant Time Period, All Georgia has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**6.   STATUTORY EMPLOYER ALLEGATIONS**

41.

At all times during the Relevant Time Period, the work performed by Plaintiffs was integral to All Georgia's business purpose (*i.e.*, a towing company).

42.

At all times during the Relevant Time Period, All Georgia was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

43.

At all times during the Relevant Time Period, Plaintiffs and the opt-in class were "employees" of All Georgia as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

44.

At all times during the Relevant Time Period, All Georgia vested Neil with operational control over the work activities of Plaintiffs and its other tow truck drivers.

45.

At all times during the Relevant Time Period, Neil exercised operational control over the work activities of Plaintiffs and Defendants' other tow truck drivers.

46.

At all times during the Relevant Time Period, Neil was involved in the day to day operation of All Georgia.

47.

At all times during the Relevant Time Period, All Georgia vested Neil with supervisory authority over Plaintiffs and Defendants' other tow truck drivers.

48.

At all times during the Relevant Time Period, Neil exercised supervisory authority over Plaintiffs and Defendants' other tow truck drivers.

49.

At all times during the Relevant Time Period, Neil scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

50.

At all times during the Relevant Time Period, Neil scheduled working hours or supervised the scheduling of working hours for all All Georgia tow truck drivers.

51.

At all times during the Relevant Time Period, Neil exercised authority and supervision over Plaintiffs' compensation.

52.

At all times during the Relevant Time Period, Neil exercised authority and supervision over compensation of all All Georgia tow truck drivers.

53.

At all times during the Relevant Time Period, Neil was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

54.

At all times during the Relevant Time Period, Neil was an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d) of all the tow truck drivers within the opt-in class.

55.

At all times during the Relevant Time Period, Plaintiffs and the opt-in class were "employees" of Plaintiffs as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## ADDITIONAL FACTUAL ALLEGATIONS

56.

Flowers worked for All Georgia as a tow truck driver from approximately May 1, 2015 through May 27, 2016.

57.

Richard Ellin worked for All Georgia as a tow truck driver from approximately 2011 through July 2014.

58.

During the Relevant Time Period, Plaintiffs operated flatbed tow trucks on behalf of Defendants.

59.

During the Relevant Time Period, Plaintiffs operated light trucks such as Ford Rangers on behalf of Defendants.

60.

During the Relevant Time Period, Dennis Flowers regularly worked 5 days during each work week while employed by All Georgia.

61.

During the Relevant Time Period, Richard Ellin regularly worked 6 days during each work week while employed by All Georgia.

62.

During the Relevant Time Period, Defendants scheduled Plaintiffs to work 12 hour shifts during each work day.

63.

During the Relevant Time Period, Plaintiffs and the opt-in class were not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

64.

During the Relevant Time Period, All Georgia did not employ Plaintiffs and the opt-in class in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

65.

During the Relevant Time Period, All Georgia did not employ Plaintiffs and the opt-in class in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

66.

During the Relevant Time Period, All Georgia did not employ Plaintiffs and the opt-in class in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

67.

During the Relevant Time Period, All Georgia did not employ Plaintiffs and the opt-in class in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

68.

During the Relevant Time Period, Plaintiffs and the opt-in class were not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)).

69.

During the Relevant Time Period, Plaintiffs' work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

70.

During the Relevant Time Period, All Georgia was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

71.

During the Relevant Time Period, Plaintiffs did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

72.

During the Relevant Time Period, Plaintiffs and other All Georgia tow truck drivers worked in excess of 40 hours per week.

73.

At all times during the Relevant Time Period, Defendants compensated Plaintiffs on a commission-only basis.

74.

At all times during the Relevant Time Period, Defendants promised to pay Plaintiffs and all other All Georgia tow truck drivers commissions derived from a percentage of the service fees All Georgia collected in connection with the service calls completed its tow truck drivers.

75.

During the Relevant Time Period, Plaintiffs and all other All Georgia tow truck drivers performed their job duties for Defendants in reliance on both written and oral representations of Defendants as the calculation of retained service fees.

76.

29 C.F.R. § 778.117 requires that an employer of commissioned employees like Plaintiff and the class they seek to represent determine the regular rate of such employees on a weekly basis by dividing the sum total of the commission and other earnings by the total hours worked each week.

77.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that regular rate for each hour worked in excess of" forty hours per week.

78.

During the Relevant Time Period, Defendants failed to calculate a regular rate for Plaintiffs and their other their tow truck drivers as required by 29 C.F.R. § 778.117.

79.

During Relevant Time Period, Defendants failed to pay Plaintiffs and their other tow truck drivers extra compensation one-half of their regular rates for each hour of work in excess of forty hours per week as required by 29 C.F.R. § 778.118.

80.

At all times relevant, Defendants compensated their tow truck drivers on a commission-only basis.

81.

During the Relevant Time Period, Defendants made deductions from the compensation of Plaintiffs and other tow truck drivers for damage to tow trucks, customer vehicles and for other non-specified reasons.

82.

Defendants knew or should have known that the FLSA applied to Plaintiffs and the class they represent.

83.

At all times during the Relevant Time Period, Defendants failed to pay Plaintiffs and all other All Georgia tow truck drivers one-and-one-half times their regular hourly rates for each hour worked in excess of 40 in each workweek.

## COUNT I — FAILURE TO PAY OVERTIME

84.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

85.

At all times during the Relevant Time Period, Plaintiffs and the members of the collective they seek to represent were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

86.

While employed by Defendants, Plaintiffs and the members of the collective they seek to represent regularly worked in excess of 40 hours each week.

87.

Defendants failed to pay Plaintiffs and the members of the collective they seek to represent at one-and-one-half times his regular rate for work in excess of 40 hours in any week during the entire period of their employment.

88.

Defendants willfully failed to pay Plaintiffs and the members of the collective they seek to represent at one and one half times their regular rates for work in excess of 40 hours in any week during the entire period of their respective employment.

89.

Plaintiffs and the members of the collective they seek to represent are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

90.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

91.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to their litigation costs, including reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – COLLECTIVE ACTION ALLEGATIONS

92.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

93.

At all times during the Relevant Time Period, Defendants violated 29 U.S.C. § 207 by failing to pay overtime wages to all tow truck drivers employed by All Georgia.

94.

At all times during the Relevant Time Period, Defendants violated 29 U.S.C. § 207 by failing to pay overtime wages to all tow truck drivers employed by All Georgia in the same manner as alleged above with respect to Plaintiffs.

95.

All tow truck drivers who have worked for Defendants during the Relevant Time Period are "similarly situated" within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

96.

All similarly situated tow truck drivers who opt in to this action are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

97.

All similarly situated tow truck drivers who opt in to this action are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

98.

As a result of the underpayment of overtime compensation as alleged above, All similarly situated tow truck drivers who opt in to this action are entitled to their litigation costs, including reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

99.

The proposed collective of individuals similarly situated to Flowers should be defined as "All individuals who All Georgia employed as tow truck drivers from July 14, 2013 until the present."

100.

All such individuals similarly situated to Plaintiffs would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to

consent in writing to their inclusion as Plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

101.

All such individuals similarly situated to Plaintiffs are known to Defendants, are readily identifiable, and can be located through the records of Defendants.

**COUNT III - BREACH OF CONTRACT AS TO PLAINTIFF FLOWERS**

102.

The allegations in all previous paragraphs are incorporated by reference as if fully set herein.

103.

Flowers and All Georgia were parties to a contract of employment (hereafter "the Contract") from on or about May 1, 2015 through May 27, 2016.

104.

The Contract provided that All Georgia would pay Flowers for work that was performed by Flowers on behalf of and for the benefit of Defendant.

105.

Defendants failed to pay Flowers for work performed for his last week of work from on or about May 23, 2016 through May 27, 2016 and advised Flowers that his check was withheld for "damages".

106.

Defendants' failure to pay Flowers for work performed for his last week of work from on or about May 23, 2016 through May 27, 2016 constitutes a material breach of the Contract.

107.

As the direct and foreseeable result of this breach, Flowers has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT IV – QUANTUM MERUIT AS TO PLAINTIFF FLOWERS**

108.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

109.

From on or about May 1, 2015 through May 27, 2016, Flowers served as a tow truck driver for All Georgia.

110.

Flowers' service as a tow truck driver for All Georgia as described above was valuable to it.

111.

All Georgia requested Flowers' service as a tow truck driver.

112.

Defendants failed to pay Flowers for work performed for his last week of work from on or about May 23, 2016 through May 27, 2016 and advised Flowers that he check was withheld for "damages".

113.

All Georgia knowingly accepted Flowers' service as a tow truck driver.

114.

The receipt of Flowers' services as a tow truck driver for All Georgia without compensation would be unjust.

115.

Flowers expected to be compensated at the time he provided his services as a tow truck driver.

116.

Flowers is entitled to a recover from All Georgia the reasonable value of the services he provided as a tow truck driver for Defendant during his last week of employment, in an amount to be determined at trial.

**COUNT V - PROMISSORY ESTOPPEL AS TO PLAINTIFF FLOWERS**

117.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

118.

On or about May 1, 2015, All Georgia promised to pay Flowers in return for Flowers' service as a tow truck driver for them.

119.

Defendants failed to pay Flowers for work performed for his last week of work from on or about May 23, 2016 through May 27, 2016 and advised Flowers that he check was withheld for "damages".

120.

All Georgia should have reasonably expected that Flowers would induce action in reliance of said promise, i.e., serve as a tow truck driver for Defendant.

121.

All Georgia's promise induced Flowers to act in reliance thereof, i.e., to serve as a tow truck driver for it, to his detriment.

122.

Flowers' service as a tow truck driver for All Georgia conferred a benefit on it.

123.

All Georgia failed to pay Flowers in accordance with their promise.

124.

Flowers relied on Defendants' promise.

125.

Flowers' reliance on Defendant's promise was reasonable.

126.

Injustice can only be avoided by enforcement of Defendants' promise.

127.

Flowers is entitled to a recover from All Georgia the reasonable value of the services he provided as a tow truck driver for Defendant during his last week of employment, in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully pray:

1.    That Plaintiffs' claims be tried before a jury;

2.    That Plaintiffs be awarded an amount to be determined at trial in due but unpaid overtime against Defendants, jointly and severally;

3.    That Plaintiffs be awarded liquidated damages in an amount equivalent to her due but unpaid overtime compensation against Defendants, jointly and severally;

4.    That the Court permanently enjoin Defendants from violating the overtime pay provisions of the FLSA;

5.    That Plaintiffs be awarded costs of litigation, including reasonable attorney's fees against Defendants, jointly and severally;

6.     That the Court issue a Notice of Present Lawsuit to all individuals similarly situated to Plaintiffs, allowing all such similarly-situated individuals to file their written consent to join this action as Plaintiffs;

7.     That the Court award all such individuals who "opt in" to this lawsuit amounts to be determined at trial in due but unpaid overtime against Defendants, jointly and severally;

8.     That the Court award all such individuals who "opt in" to this lawsuit liquidated damages equivalent to their due but unpaid overtime compensation against Defendants, jointly and severally;

9.     That the Court award all such individuals who "opt in" to this lawsuit their costs of litigation and reasonable attorney's fees against Defendants, jointly and severally;

10.    That Flowers be awarded an amount as determined at trial against All Georgia as damages under Counts III, IV and V of this Complaint; and

11.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC**

*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

Counsel for Plaintiffs