IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DENNIS FLOWERS and RICHARD ELLIN, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALL GEORGIA TOWING, LLC and KENNETH NEIL<br><br>Defendants. | Civil Action File No:<br>1:16-cv-03124-LMM |

## AGREEMENT AND RELEASE OF CLAIMS FOR UNPAID WAGES

### 1. Parties and Released Parties:

This document sets forth the terms and conditions of the Agreement and Release of Claims for Unpaid Wages (hereinafter "Agreement") by and between Dennis Flowers, Richard Ellin, and Daniel Ellin (collectively "the Releasors") and All Georgia Towing, LLC and Kenneth Neil (collectively "the Defendants"). The term "Releasees" as used herein shall be defined as the Defendants, and all of their corporate parents, subsidiaries, divisions, affiliates and franchisors and their current and former officers, directors, employees, shareholders, servants, agents, officials, insurers, and attorneys, in their official and individual capacities, together with their predecessors, successors, and assigns, both jointly and severally. In consideration of the mutual covenants and agreements set forth below, the parties agree as follows:

### 2. Payment and Consideration

A. Defendants agree that it shall pay to the Releasors a total payment of $16,874.58, as follows:

1. Within fifteen (15) days of Court approval, Defendants will deliver to Releasors' counsel a check made payable to Dennis

      Flowers in the amount of $2,118.72, representing Dennis Flowers' claim for unpaid wages, less any applicable payroll deductions and withholding, and for which Defendants will issue Flowers an IRS Form W2.

2. Within thirty (30) days of Court approval, Defendants will deliver to Releasors' counsel a check made payable to Dennis Flowers in the amount of $2,118.72, representing Dennis Flowers' claims for liquidated damages, without deduction, and for which Defendants will issue Flowers an IRS Form 1099 designating such payment in Box 3 "other income".

3. Within fifteen (15) days of Court approval, Defendants will deliver to Releasors' counsel a check made payable to Richard Ellin in the amount of $2,318.57, representing Richard Ellin's claim for unpaid wages, less any applicable payroll deductions and withholding, and for which Defendants will issue Richard Ellin an IRS Form W2.

4. Within thirty (30) days of Court approval, Defendants will deliver to Releasors' counsel a check made payable to Richard Ellin in the amount of $2,318.57, representing Richard Ellin's claims for liquidated damages, without deduction, and for which Defendants will issue Richard Ellin an IRS Form 1099 designating such payment in Box 3 "other income".

5. Within fifteen (15) days of Court approval, Defendants will deliver to Releasors' counsel a check made payable to Daniel Ellin in the amount of $4,000.00, representing Daniel Ellin's claim for unpaid wages, less any applicable payroll deductions and withholding, and for which Defendants will issue Daniel Ellin an IRS Form W2.

6. Within thirty (30) days of Court approval, Defendants will deliver to Releasors' counsel a check made payable to Daniel Ellin in the amount of $4,000.00 representing Daniel Ellin's claims for liquidated damages, without deduction and for which Defendants will issue Daniel Ellin an IRS Form 1099 designating such payment in Box 3 "other income".

B.  Additionally, the Parties have separately negotiated and agreed that a reasonable attorney fee in this case for the Releasors' counsel is fifteen thousand dollars and zero cents ($15,000.00). This amount shall be paid by Defendants in three equal installments by check made payable to "Kevin D. Fitzpatrick, Jr.". The first installment of $5,000 will be due within thirty (30) days after the date the Court approves the Agreement, the second installment of $5,000 will be due within sixty (60) days after the date the Court approves the Agreement, and the third and final installment of $5,000 will be due within ninety (90) days after the Court approves the Agreement.

C.  The Releasors and their counsel acknowledge and agree that provision of W9 forms by each of the Releasors and the Releasors' counsel is required to process the liquidated damages payments and attorneys' fee payments and no such payments for liquidated damages or attorneys' fees will be due until Defendants (through their counsel) have received such forms.

D.  The parties recognize that the Releasors have filed a Complaint in the above-referenced action and that the parties intend to promptly file a Joint Motion for Court Review and Approval of Settlement Agreement in the form attached as Exhibit A. The Releasors and their counsel acknowledge and agree that, in the event that the Court denies the parties' Joint Motion and the parties cannot, thereafter, secure Court approval of a mutually acceptable settlement agreement within 45 days of the Court's Order denying the Joint Motion, the Releasors and their counsel agree that any settlement is null and void.

### 3. Release of Claims for Unpaid Wages:

A.  For and in consideration of the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Releasors do knowingly and voluntarily release and forever discharge the Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims, and demands whatsoever in law or in equity, whether known or unknown, that the Releasors ever had, now have, or may or might in the future have against the Releasees based on, arising out of or related to claims for unpaid wages or compensation by the Releasors, including those claims related to the claims asserted in Civil Action File No. 1:16-cv-03124-LMM. Further, the Releasors agree that they have not and will not seek a positon of employment with the Releasees. Nothing in this Agreement shall be interpreted as a release of any claims by Releasors against Releasees except for those claims asserting or alleging unpaid wages or compensation for hours worked.

B.    It is further understood and agreed that this Agreement and the payment(s) made hereunder constitute full and final satisfaction of all claims of every nature, direct or indirect, against all persons or entities, including those who are or might be held to be joint and/or successor employers with any of the parties released hereby, as well as those to whom any of the parties released are, or may be held to be, liable by way of contribution or indemnity for the payment of all or any part of any claim arising out of, or directly or indirectly related to, the claims set forth in this Agreement.

### 4. Knowing and Voluntary Waiver and Release:

A.    It is understood and agreed that this Agreement is executed by the Releasors knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities, or value of the Releasors' claims.

B.    The Releasors also acknowledge that no promise or inducement has been offered or made except as set forth in this Agreement. The Releasors further acknowledge that consideration for this Agreement consists of financial payments and benefits to which the Releasors otherwise has no legal entitlement.

C.    The Releasors attest, certify, represent, and warrant to Defendants that the Releasors are legally competent to execute this Agreement and that the Releasors have not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, that the Releasors have or may have by reason of the claims released herein.

### 5. Right to Retain Advisor or Counsel:

A.    It is understood that the Releasors have the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and are advised to consult with legal counsel prior to signing this Agreement.

B.    Any notice required to the Releasors pursuant to this Agreement shall be satisfied by written or electronic notice to the Releasors' Attorney at:

> Kevin D. Fitzpatrick, Jr., Esq.
> Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC

>3100 Centennial Tower
>101 Marietta Street
>Atlanta, GA  30303
>kevin.fitzpatrick@dcbflegal.com

    C.    Any notice required to Defendants pursuant to this Agreement shall be provided to the below-named representative of Defendants by certified mail, return receipt requested:

>Mr. Ken Neil
>All Georgia Towing, LLC
>4070 Nine MacFarland Drive
>Alpharetta, GA  30004

### 6. Entire Agreement:

    A.    This Agreement constitutes the entire agreement between the Releasors and Defendants pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations, and understandings. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by the Releasors and an authorized representative of Defendants.

    B.    In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

### 7. Effective Date:

The Releasors acknowledge that, upon execution of this Agreement, the Agreement will be binding upon the Releasors and the Defendants and is irrevocable.

### 8. Successors and Assigns:

This Agreement shall be binding upon the Releasors and the Releasors' heirs, executors, administrators, assigns, successors, beneficiaries, employees, and agents

and shall inure to the benefit of the Releasees and their predecessors, successors, and assigns.

## 9. Non-Admission:

The Releasors acknowledge that the payment set forth herein does not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied. This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation, or order of any kind.

## 10. Miscellaneous:

A.   The Releasors acknowledge that the Releasors had reasonable and sufficient time to consider whether or not the Releasors desire to enter into this Agreement and that any decision by the Releasors to execute this Agreement prior to that time is a knowing and voluntary decision.

B.   The Releasors acknowledge that, by signing this Agreement, the Releasors are giving up rights the Releasors have. The Releasors acknowledge that the Releasors do not have to sign this Agreement.

C.   In the event of a breach of any of the terms of the Agreement by any party or parties hereto, the prevailing party or parties shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees..

D.   The Releasors agree to pay federal or state taxes, if any, that are required by law to be paid with respect to this settlement. The Releasors further agree to indemnify and hold harmless the Releasees from any claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries by any government entity against Defendants or any of the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws and from any costs, expenses, or damages sustained Defendants or any of the Releasees by reason of any such claims, including any amounts paid as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest, or otherwise. As further consideration for the payment herein, the Releasors hereby agree to protect and hold harmless the Releasees against any claims for subrogation or liens of any nature arising out of the matters described herein and/or resulting injuries and/or damages, including, but not limited to, a Medicare lien. Should any person or entity (including, but not limited to, any insurer, reinsurer, health care provider, or health insurance provider of the Releasor and/or Medicare)

make such a claim against the Releasees for any such damages, the Releasors hereby agree to defend, indemnify, and hold harmless the Releasees from any and all such claims, liens, charges, fees, costs, interest, and other sums.

E. The Releasors acknowledge that neither Defendants nor their attorneys make any representation as to the tax consequences, if any, of the provisions of this Agreement.

F. This Agreement may be executed in multiple counterparts, and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax or electronic signatures in lieu of original signatures are acceptable.

IN AGREEMENT HERETO, the Releasors and the below representative of Defendants set their hand and seal.

| THE RELEASORS | DEFENDANTS |
|---|---|
| *Dennis Flowers* (signature) | _____ |
| Dennis Flowers | Kenneth Neil, Individually and on behalf of All Georgia Towing, LLC |
| 4-17-17 | |
| Date | _____ |
| | Date |
| *Richard Ellin* (signature) | |
| Richard Ellin | |
| 4-18-17 | |
| Date | |
| *Daniel Ellin* (signature) | |

Daniel Ellin

4/18/17
Date